IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:20-cr-10 |
| | ) | |
| RONALD J. OSHENSKY | ) | |

**MEMORANDUM IN AID OF SENTENCING**

AND NOW comes the defendant, Ronald J. Oshensky, by his attorney, Christopher B. Brown of the Federal Public Defender's Office, and respectfully submits this Memorandum in Aid of Sentencing in support of a sentence of 292 months (24.3 years) imprisonment, no fine, a $100 special assessment, no assessment under the AVAA nor JVTA, and mandatory restitution.  Additionally he asks that he be placed in a facility as close to his home in Johnstown, Pennsylvania as well as a facility that has a Sex Offender Management Program.

I.  **INTRODUCTION:**

On July 19, 2022, Ronald Oshensky, entered a guilty plea to a single count of production and attempted production of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a) and (e).  In doing so, he did not file pretrial motions nor he did exercise his constitutional right to go to trial.  Instead, he accepted responsibility for his actions and saved the Government, the Court, his victims, and the community the time, expense, and hardship such litigation would entail.

Mr. Oshensky's actions in this case were committed in 2011 over ten years ago and were, without question, serious. To him and others, his actions were also inexplicable – at the time he committed this offense he was in his thirties, college educated, employed, and had no criminal record. Yet, according to a recent study by the United States Sentencing Commission ("The Study"), and without explanation as to why, it determined the statistical majority of offenders who commit this offense have these very characteristics – white male, in their thirties, college educated, and little to no criminal history. *See* Federal Sentencing of Child Pornography Production Offenses, United States Sentencing Commission, October2021 at p. 24, https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2021/20211013_Production-CP.pdf

Child pornography production cases "comprise a small percentage of the federal caseload." *See* Study at 9. While this Study reveals that Mr. Oshensky fit the mold of the average individual convicted of this offense, it also demonstrates that there are a variety of factors that separate him and his conduct from others and which warrant the requested sentence.

Mr. Oshensky is scheduled for sentencing on December 1, 2022. The United States Sentencing Guidelines recommend that he be sentenced to a term of 30 years imprisonment. The Study determined that sentences in production cases are, on average, less than that recommended by the Guidelines. *See id.* at 9. Indeed, the national average sentence for a production offense is 275 months (i.e. near 23 years). In this case, the parties stipulated and agreed the appropriate sentence is a

term of imprisonment of no less than 292 months (24.3 years) to no more than 360 months (30 years) imprisonment. It is respectfully submitted that a sentence of 292 months would be sufficient but not greater than necessary given the nature and circumstances of the offense and Mr. Oshensky's history and characteristics, given the need for the sentence imposed, and the need to avoid unwarranted sentencing disparities.

**II.     ARGUMENT:**

Mr. Oshensky does not make a motion for downward departure. He does, however, make a motion for downward variance based on the factors found in 18 U.S.C. 3553(a) and seeks a sentence of 292 months, which although below the Guidelines recommendation, is within the range stipulated by the parties and is higher than the national average sentence imposed for the same offense.

> **FACTOR 1 -    The nature and circumstances of the offense and the history and characteristics of the defendant:**

Nature and Circumstances:

The nature and circumstances of this case are serious. Mr. Oshensky has accepted responsibility for his actions and admitted in open court under oath what he did.  He did so knowing that for his actions he faces an unquestionably serious and lengthy sentencing range of 292-360 months (24.3 – 30 years). Mr. Oshensky seeks a sentence at the low-end of that range to 292 months which despite being a substantial term of imprisonment, represents a downward variance.  As set forth

below such a sentence is justified in part by the nature and circumstances of the offense in this case.

Admittedly, the circumstances of Mr. Oshensky's offense warrant a serious sentence. This is certainly accounted for in the agreed upon range of 292 – 360 months (24.3 – 30 years) set forth in the plea agreement. In determining where in that range to sentence Mr. Oshensky it is important to assess each circumstance of offense to determine what is an appropriate sentence in this case.

As set forth in the PSR, there were seven victims, their ages ranged from 3 to 8 years old, they were incapacitated, and Mr. Oshensky was a legal guardian.[1] While on its face these may seem like aggravating factors, in reality they are factors present in the majority of production cases and/or are already accounted for in Mr. Oshensky's sentencing Guidelines range. It is respectfully requested this Court weigh that these factors are already accounted for in the Guidelines and/or occur in the majority of these cases. Given this, it is also requested this Court weigh the fact that the national average sentence for production offenses is 275 months, which is 17 months below the requested sentence of 292 months in this case. *See* Study at 9.

The Study demonstrates that production sentences vary in length depending on certain factors. Therefore, those factors in Mr. Oshensky's case which are or are not present are addressed in turn.

In this case there were seven victims. There is no enhancement in the Section 2G2.1 for number of victims. Nonetheless, the Study determined that a "substantial minority" (41%) of production cases involve more than one victim –

---

[1] Other aggravating factors like violence, torture, and threats were not present in this case.

nationally the number of victims in production cases involved from one to *four hundred and forty*. *See id.* at p.33. It is submitted the number of victims in Mr. Oshensky's case is a factor that, admittedly, does *not* weigh in favor of a downward variance. Yet because the "substantial minority" of production cases involve more than one victim, and in this case the number of victims (7) is nowhere near the highest number of victims nationally (440), that this fact does not weigh heavily against the requested sentence.

In Mr. Oshensky's case the ages of his victims were under 12 years old. Indeed, Mr. Oshensky's sentencing Guidelines were increased by 4-levels on this basis. *See* PSR ¶45. They were increased on this basis despite the fact that in the majority of production cases (60%) the victim was 12 years or younger. *See* Study at 34. Thus, his recommended Guidelines range was enhanced based on a factor which statistically applies in the majority of cases. This is not the true purpose of specific offense characteristics. Rather, they "are meant to increase a sentence for conduct more aggravated than the typical type of offense." *United States v. Robinson,* 669 F.3d 767, 778 (6th Cir. 2012). Whereas here, the specific offense characteristic statistically apply in the majority of cases, they become meaningless. This weighs in favor of the requested sentence.

In this case, the victims were incapacitated as they were given medication to make them sleep during the offense and apparently have no memory of it. Mr. Oshensky's sentencing Guidelines were increased by 4-levels on this basis. *See* PSR ¶46. Only 4.5% of production cases involve incapacitation. *See* Study at 43.

Although the minority of cases involved incapacitation, the average sentence in those cases was 313 months. *See id.* at 54. Such a sentence would be 47 months lower than the high-end of the stipulated range in this case and 21 months higher than the low-end. The national average sentences for like conduct also weighs in favor of a downward variance, albeit not to the extent requested.

Mr. Oshensky was a legal guardian. Again, Mr. Oshensky's sentencing Guidelines were increased by 2-levels on this basis. *See* PSR ¶47. Roughly 25% of production cases involve a parent or legal guardian. *See* Study at 36. In cases of legal guardian, the average sentence was 304 months. *See id.* at 51. Such a sentence would be 56 months lower than the high-end of the stipulated range stipulated, and 12 months above the low-end. Thus, the national average sentences for like-conduct also weighs in favor of a downward variance, albeit not to the extent requested.

Lastly, and perhaps most significantly, even though Mr. Oshensky produced images of his conduct, he did not upload them to a computer and share them with others over the Internet. Rather he kept them on VHS tape and not digital format. By doing so the images remained private, were not shared online, and not trafficked by others. As the Court is aware, such actions can cause an even greater long-lasting harm. That particularly aggravating factor is not present in this case. When it is, the national average sentence is four years longer than in those cases without. *See id.* at 44. This too weighs in favor of the requested sentence.

In sum, the majority of factors present in Mr. Oshensky's case weigh in favor of a variance when compared to the national average sentences for like-conduct. The Study acknowledges that the sentences imposed in these cases are lengthy yet they are often below the sentences recommended by the Guidelines. Given the above, Mr. Oshensky asks this Court to do the same here and sentence him to 292 months, a lengthy sentence indeed – such a sentence would be below the Guidelines range but would be above the national average of 275 months.

History and Characteristics:

The history and characteristics of Ronald Oshensky likewise weigh in favor of the requested sentence.

Mr. Oshensky is unmarried and has no children. He is college educated and has a steady employment history. *See* PSR ¶ 84, 86.  He is currently 43 years old. Should the Court impose the requested sentence, he will be released (at the earliest) when he is in his early sixties.  Both of Mr. Oshensky's parents died in their sixties and he has no expectation that he will fare any better. *See id.* at ¶64. Sentencing him to the requested term will increase his likelihood that he will be released from prison and not be one of the 5% of inmates who die while incarcerated.

Until recently, Mr. Oshensky had no criminal history.  He pled guilty in state court to a hands-on sex offense and was sentenced in 2021 to 11.5 - 23 months imprisonment. *See id.* at ¶57.  As he has already served that sentence in full, whatever sentence this Court imposes will be *in addition to* that period of incarceration.

Mr. Oshensky is college educated and desires to further his education while incarcerated such that when he is released from prison he will be better situated to live a productive and crime free life.

Mr. Oshenksy suffers from psoriatic arthritis and kidney stones. *See id.* at ¶72. These are painful conditions he will have to endure and receive treatment for while incarcerated. The arthritis in his hips and knees is particularly painful and makes mobility an issue for him. Without these conditions, the Bureau of Prisons recognizes "sex offenders as a vulnerable population within a prison setting." https://www.bop.gov/inmates/custody_and_care/sex_offenders.jsp It is submitted that with these conditions he will be more vulnerable than the typical sex offender while incarcerated for the next several decades and generally make the time he serves more difficult than that of the average inmate, especially as he ages.

Mr. Oshensky also suffers from mental illness. He has diagnoses of major depression and anxiety though he has a history of hearing voices and seeing things that are not there – both suggestive of something more serious and debilitating like schizophrenia. *See* PSR ¶¶79-80. He is currently on medication but is expected he will receive additional treatment while in the Bureau of Prisons above and beyond what he has received the past two years in the Cambria County Prison. It is submitted that such mental health conditions in addition to his physical conditions and being a convicted sex offender will likewise make him more vulnerable than the typical sex offender and generally make the time he serves more difficult than that of the average inmate.

It is submitted that Mr. Oshensky's history and characteristics outlined above individually and collectively weigh in favor of the requested sentence.

**FACTOR 2 -    The need for the sentence imposed.**

A sentence of 292 months is, without question, a *lengthy* term of imprisonment which would reflect the seriousness of the offense, would promote respect for the law, and would provide just punishment for the offense. Indeed it is a lengthy sentence and would be 17 months higher than the national average sentence for production offenses. *See* Study at 9. It will likewise protect the public and deter Mr. Oshensky from criminal conduct as he will not be released from prison for several decades until he is, at minimum, in his sixties.

Lastly, it will accomplish all of these goals because upon this Court's recommendation it will provide Mr. Oshensky the needed correctional treatment in the most effective manner. As set forth above, Mr. Oshensky has been showing signs of serious mental illness for years – he has experienced both visual and auditory hallucinations often associated with disorders such as schizophrenia. He has been hospitalized, on medication, and received treatment, all without success. *See id.* at PSR ¶¶76, 79-81. He has also now been convicted of a serious sex offense. He is in obvious need of additional treatment. As a component of his sentencing, Mr. Oshensky asks this Court to recommend he be designated to one of only nine Bureau of Prisons facilities in the United States that have the Sex Offender Management Program (SOMP). Such a recommendation is not only appropriate under the circumstances but would also help facilitate his designation to such a

facility where he will work with a team of psychologists and therapists. They will assess him, give him individualized psychological treatment, and do so for an indeterminate amount of time. The goal of such treatment will be the explicit purpose to reduce the risk that he "engage in future acts of a sexually offensive nature." BOP Program Statement 5324.10 at p.4, https://www.bop.gov/policy/progstat/5324_010.pdf Such purpose would obviously satisfy the purposes of Section 3553(a)(2) and weighs in favor of the requested sentence.

**FACTOR 3 -    The kinds of sentences available.**

The minimum sentence in this case is 15 years imprisonment and the maximum is 30 years imprisonment as well as a term of supervised release of 5 years to life. The parties have stipulated to a sentencing range of 292 to 360 months imprisonment and a term of *supervised release for life*. In addition to a term of imprisonment and term of supervised release, this Court has multiple financial penalties to consider:

Fine:

The probation office has determined that Mr. Oshensky does not have the ability to pay a fine. *See* PSR ¶92.

Special Assessments:

Because Mr. Oshensky has been convicted of an offense under Chapter 110 of Title 18, the Court shall assess $5,000 per count on any "non-indigent person" pursuant to 18 U.S.C. § 3014. It is submitted that Mr. Oshensky is "indigent" and

therefore not subject to this fine.  He is indigent as he has been incarcerated since April of 2020, s*ee* ¶ PSR 1, and has been unemployed since 2018.  *See id.* at ¶85.  Pursuant to the plea agreement he will be incarcerated for the next several decades and will not be released until he is in his 60's with a criminal history for a serious felony sex offense.  Additionally, he suffers from significant mental illness. Given this combination of factors it is reasonable to assume his employment prospects upon release are not favorable.  Finally, Mr. Oshensky enters prison with no assets and more than $20,000 in debt. *See id.* at ¶¶90-91.   In light of all of the above, the special assessment does not and should not apply to him as he is clearly "indigent" – he has neither the present nor future ability to pay such an assessment. *See e.g. United States v. Barthman,* 983 F.3d 318 (2020).     Given this, he likewise asks the Court impose no assessment under the AVAA as he is clearly indigent, has no assets, and any fine/assessment would interfere with his ability to pay this restitution contrary to 18 U.S.C. §3572(b).  He understands, however, the $100 special assessment is mandatory.

> **FACTOR 4 -** **The advisory Guidelines range.**

The Guidelines recommend a term of imprisonment of 360 months.  As set forth in The Study, variances are granted in the majority of production cases. *See* Study at 9.

> **FACTOR 5 –** **Pertinent Policy Statements.**

Mr. Oshensky has no additional information to provide as to this factor.

**FACTOR 6 -** **The need to Avoid Unwarranted Sentencing Disparities.**

Mr. Oshensky rests on the argument and data provided above in Factor 1. Specifically from the Study which demonstrates the national average for production offenses is 275 months and varies up and down depending on the presence of certain factors. That this data, as set forth above, weighs in favor of a variance in this case.

**FACTOR 7 -** **The Need to Provide Restitution.**

The PSR states that Mr. Oshensky is subject to the mandatory restitution provisions of 18 U.S.C. § 2259(c)(3) which statutorily requires the Court to impose restitution to the victim to be "no less than $3,000." *See* PSR ¶106. However no claims for restitution have been requested by the victim in this case. *See id.* at ¶107.

**III. CONCLUSION:**

As set forth above, the United States Sentencing Guidelines recommend that Ronal Oshensky be sentenced to a term of 30 years imprisonment. Nonetheless the 2021 Sentencing Commission Study has determined that sentences imposed in production cases are, on average, less than that recommended by the Guidelines. *See id.* at 9. Indeed, the national average sentence for a production offense is 275 months (i.e. near 23 years). While the offense is serious, Mr. Oshensky respectfully requests this Court take a holistici approach applying each of the 3553(a) factors and determine that the requested sentence is sufficient but not greater than necessary in this case.

WHEREFORE, for the above-mentioned reasons, Ronald Oshensky, respectfully requests respectfully submits this Memorandum in Aid of Sentencing in support of a sentence of 292 months (24.3 years) imprisonment, no fine, a $100 special assessment, no assessment under the AVAA nor JVTA, and mandatory restitution. Additionally he asks that he be placed in a facility as close to his home in Johnstown, Pennsylvania as well as a facility that has a Sex Offender Management Program.

Respectfully submitted,

**s/ Christopher B. Brown**
Christopher B. Brown, Esquire
PA Attorney I.D. No. 85117