IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 3:20-10 |
| | ) | Judge Stephanie L. Haines |
| RONALD J. OSHENSKY | ) | |

**TENTATIVE FINDINGS AND RULINGS**

AND NOW, this 29th day of November, 2022, pursuant to Local Criminal Rule 32.C.7, the Court hereby makes the following tentative findings and rulings as to Ronald J. Oshensky ("Defendant") in this case.

**I.     Background**

On June 16, 2020, a grand jury returned a three-count Indictment [Doc. 12] against Defendant charging him at Counts One and Two with production and attempted production of material depicting the sexual exploitation of a minor, in violation of 18 U.S.C. §§ 2251(a) and (e); and, at Count Three with possession of material depicting the sexual exploitation of minors, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). On July 19, 2022, Defendant pled guilty to Count One of the Indictment [Doc. 58] pursuant to a written plea agreement [Doc. 57-1]. Under the terms of that agreement, the parties, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), agreed that the appropriate sentence in this case is a term of imprisonment of at least 292 months but not more than 360 months, a fine, if any, to be determined by the Court, a term of supervised release of life, a special assessment of $100, and restitution to be determined by the Court. The Court previously deferred its decision on whether to accept the agreed upon sentence pending review of the presentence report.

On July 20, 2022, the Court entered a sentencing order setting procedures and deadlines for sentencing in accordance with Local Criminal Rule 32 [Doc. 60]. On October 26, 2022, the United States Probation Office disclosed to the Court, the Government and defense counsel the Final Presentence Investigation Report ("PSR") [Doc. 62]. On October 26, 2022, the Government filed a Position with Respect to Sentencing Factors indicating its adoption of the findings of the PSR [Doc. 64]. On November 1, 2022, Defendant filed a Position with Respect to Sentencing Factors indicating no objections to the PSR [Doc. 65].

On November 16, 2022, the Probation Office disclosed the Addendum to the PSR [Doc. 68]. On November 23, 2022, the Government filed a Sentencing Memorandum requesting a sentence of 360 months' imprisonment, the high end of the sentencing range agreed to by the parties in their Rule 11(c)(1)(C) plea agreement [Doc. 69]. Also on November 23, 2022, Defendant filed a Memorandum in Aid of Sentencing requesting a sentence of 292 months' imprisonment, the low end of the sentencing range agreed to by the parties in their Rule 11(c)(1)(C) plea agreement [Doc. 70].

**II.     Guidelines Calculations**

Initially, the Court recognizes that after the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220 (2005), the United States Sentencing Guidelines ("the Guidelines") are merely advisory upon this Court. *See also Gall v. United States*, 552 U.S. 38 (2007); *United States v. Tomko*, 562 F.3d 558 (3d Cir. 2009). Nevertheless, the Court still shall consider the Guidelines as one factor, along with the other factors enumerated in 18 U.S.C. § 3553(a), in determining a

defendant's sentence. Accordingly, pursuant to the Guidelines, the Court makes the following calculations:[1]

1. The applicable offense guideline for a violation of 18 U.S.C. § 2251(a) is U.S.S.G. 2G2.1. Pursuant to U.S.S.G. § 2G2.1(a), Defendant's base offense level is **32**.

2. Pursuant to U.S.S.G. § 2G2.1(b)(1)(A), a **4**-level increase is warranted because the offense involved a minor who had not attained the age of 12 years.

3. Pursuant to U.S.S.G. § 2G2.1(b)(2)(B), a **4**-level increase is warranted because the offense involved both the commission of a sexual act and conduct described in 18 U.S.C. § 2241(a) or (b). Specifically, Defendant administered melatonin to the victims to induce sleep, then sexually abused the victims by masturbation, performance of oral sex, digital-anal penetration, and anal intercourse.

4. Pursuant to U.S.S.G. § 2G2.1(b)(5), a **2**-level increase is warranted because Defendant was a parent, relative or legal guardian of the minor involved in the offense, or the minor otherwise was in the custody, care or supervisory control of Defendant. Here, Defendant was a foster parent and/or legal guardian of the minor victims.

5. There are no victim-related, role-related or obstruction of justice adjustments applicable in this case.

6. Based on the above, Defendant's adjusted offense level is **42**.

7. Pursuant to U.S.S.G. § 4B1.5(b)(1), because Defendant's offense of conviction is a covered sex crime, neither § 4B1.1 nor § 4B1.5(a) apply, and because Defendant engaged in a pattern of activity involving prohibited sexual conduct, the offense level shall be 5 plus the offense level determined under Chapters 2 and 3 of the Sentencing Guidelines, which in this case is 42, resulting in an adjusted offense level of **47**.

8. Pursuant to U.S.S.G. § 3E1.1(a), Defendant is entitled to a 2-level decrease in the adjusted offense level because he clearly has demonstrated acceptance of responsibility for his offense. In addition, pursuant to U.S.S.G. § 3E1.1(b),

---

[1] Because there is no *ex post facto* issue here, the 2021 Guidelines Manual has been used to calculate Defendant's advisory guideline range. *See* U.S.S.G. § 1B1.11(a) ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced.").

>   Defendant is entitled to an additional 1-level decrease in his adjusted offense level because he timely notified authorities of his intention to enter a plea of guilty.

9. Based on the above, Defendant's total offense level is 44. However, in a rare case such as this when a total offense level of more than 43 results from an application of the guidelines, the greater offense level of 44 is to be treated as an offense level of 43. *See* U.S.S.G. Ch. 5, Part A, appl. n. 2. Accordingly, Defendant's **total offense level** is **43**.

10. Based on the information set forth in the PSR, to which neither party has objected, Defendant's total criminal history score is 3. Pursuant to U.S.S.G. Chapter 5, Part A, a criminal history score of 3 results in a criminal history category of II.

11. The Court finds that there are no factors present at this time which would warrant the exercise of this Court's discretionary authority to depart from the Guidelines under U.S.S.G Chapter 5, Section K.

**III.   Sentencing Options**

By statute and based on the above calculations under the Guidelines, Defendant is subject to imposition of the following potential sentence:

>   1.   ***Statutory Provision for Custody***: Pursuant to 18 U.S.C. § 2251(a) and (e), the statutory term of imprisonment which shall be imposed is **not less than 15 years nor more than 30 years**. Count One is a Class B felony under 18 U.S.C. § 3559(a)(2).
>
>   ***Guideline Provision for Custody***: Pursuant to U.S.S.G., Chapter 5, Part A, based on a total offense level of 43 and a criminal history category of II, Defendant's advisory guideline sentencing range is life imprisonment, which falls within Zone D of the Sentencing Table. However, because the statutorily authorized maximum sentence of 30 years is less than the applicable guideline range of life, the statutorily authorized maximum sentence of 360 months shall be the guideline sentence. *See* U.S.S.G. § 5G1.1(a).
>
>   2.   ***Impact of Plea Agreement***: Pursuant to the parties' Rule 11(c)(1)(C) plea agreement, the parties agreed that the appropriate sentence in this case is a term of imprisonment of at least 292 months but not more than 360 months; a fine, if any, to be determined by the Court; a term of supervised release of

4

life; a special assessment of $100; and, restitution to be determined by the Court.

3. ***Statutory Provision for Supervised Release***: Pursuant to 18 U.S.C. § 3583(k), the authorized term of supervised release is any term of years not less than 5 to life.

   ***Guideline Provision for Supervised Release***: Pursuant to U.S.S.G. § 5D1.2(b)(2) and (c), the term of supervised release imposed shall be not less than the statutorily required term of supervised release of not less than 5 years and may be up to life because the offense of conviction is a sex offense. Because the offense is a sex offense, the guidelines recommend the statutory maximum term of supervised release. U.S.S.G. § 5D1.2(b) (Policy Statement). However, the guidelines are advisory. *Booker*, 543 U.S. 220.

4. ***Statutory Provision for Probation***: Pursuant to 18 U.S.C. § 3561(a)(1) and (2), Defendant is not eligible for probation because his offense is a Class B felony and because probation is precluded by statute.

   ***Guideline Provision for Probation***: Pursuant to U.S.S.G. § 5B1.1(b)(1) and (2), Defendant is not eligible for probation because his offense is a Class B felony and because probation is precluded by statute.

5. ***Statutory Provision for Fine***: Pursuant to 18 U.S.C. § 3571(b)(3), the maximum authorized statutory fine is $250,000.

   ***Guideline Provision for Fine***: Pursuant to U.S.S.G. §§ 5E1.2(c)(3), the advisory fine range is $50,000 to $250,000. The Court finds that Defendant is unable to pay and is not likely to become able to pay any fine. U.S.S.G. § 5E1.2(a).

6. ***Mandatory Special Assessment***: Pursuant to 18 U.S.C. § 3013(a)(2)(A), Defendant is subject to a mandatory special assessment of $100 at Count One.

   Contrary to the PSR, the Court finds that Defendant is <u>not</u> subject to the provisions of the Justice for Victims of Trafficking Act of 2015 ("JVTA"), 18 U.S.C. § 3014(a)(3), which mandates an additional special assessment of $5,000 on any non-indigent defendant convicted of an offense relating to the sexual exploitation of children, because the offense conduct charged in Count One occurred in 2011, well before the enactment of the JVTA, which took effect on May 29, 2015. *See United States v. Senke*, 986 F.3d 300, 319

5

(3d Cir. 2021) (district court's imposition of JVTA assessment for offenses of conviction committed prior to its enactment violated the Ex Post Facto Clause and constituted plain error). For the same reason, the Court finds, contrary to the PSR, that Defendant likewise is not subject to the provisions of the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 ("AVAA"), 18 U.S.C. § 2259A(a), which mandates an additional assessment of not more than $50,000 on any person convicted of a child pornography production offense. Although Defendant has been convicted of a child pornography production offense, the offense conduct as charged in Count One was committed in 2011, which predates by 7 years the enactment of the AVAA on December 7, 2018. Accordingly, the imposition of an AVAA assessment in this case likewise would violate the Ex Post Facto Clause.[1]

7. **Statutory and Guideline Provision for Restitution**: Restitution is mandatory pursuant to 18 U.S.C. §§ 3663, 3663A and 3664, as well as under the guidelines. U.S.S.G. § 5E1.1(a)(1). To date, no restitution requests have been received from any victim.[2]

8. **Forfeiture**: Under the terms of the parties' plea agreement, Defendant shall voluntarily forfeit to the United States all property subject to forfeiture under 18 U.S.C. § 2253(a)(3) including but not limited to a Sony Handycam Camcorder.

---

[1] The PSR found that Defendant is subject to both the JVTA and the AVAA [Doc. 62 ¶¶ 40, 102, 103], and neither party objected to these findings. Although Defendant does not contest the applicability of these provisions, he does argue that neither assessment should be imposed because he is indigent [Doc. 70 pp. 10-11]. For the reasons stated above, the Court has determined that neither the JVTA nor the AVAA are applicable in this case. Even if they did apply, however, the Court would agree that Defendant is indigent, and would not impose either assessment in any event.

[2] The PSR found that this is a child pornography trafficking offense as defined in 18 U.S.C. § 2259(c)(3), and therefore that restitution is mandatory in an amount of no less than $3,000 under 18 U.S.C. § 2259(b)(2). [Doc. 62 ¶ 106]. Neither party has objected to this finding. However, the Court again is constrained to disagree. Restitution under § 2259(b)(2) is mandatory when a defendant is convicted of trafficking in child pornography. "Trafficking in child pornography" is statutorily defined as "conduct proscribed by section 2251(d), 2252, 2252A(a)(1) through (5), 2252A(g) (in cases in which the series of felony violations exclusively involves violations of section 2251(d), 2252, 2252A(a)(1) through (5), or 2260(b)), or 2260(b)." 18 U.S.C.A. § 2259(c)(3). Here, Defendant was not convicted of any of the enumerated offenses which constitute trafficking as defined in the statute. Instead, he pled guilty to and has been convicted of a production offense in violation of § 2251(a). The only § 2251 offense which qualifies by definition as a child trafficking offense under § 2259(c)(3) is § 2251(d). Because Defendant has not been convicted of a child trafficking offense as defined in § 2259(c)(3), the mandatory restitution provision of § 2259(b)(2) does not apply in this case.

6

9. **Denial of Federal Benefits**: The denial of Federal Benefits is not applicable in this case.

IV. **Conclusion**

The Court will receive evidence, including testimony, and hear argument regarding these tentative findings and rulings, as well as any requests for a departure or variance, and any other motions and responses thereto, at the time and place of sentencing, currently set for **December 1, 2022**.

_____
Stephanie L. Haines
United States District Judge

cc/ecf:   All counsel of record
          U.S. Probation Office